UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY DILLINGHAM,<br><br>              Plaintiff,<br><br>     v.<br><br>GARCIA, B. CATES, AND B. SANDERS,<br><br>              Defendants. | Case No.  1:25-cv-00695-HBK (PC)<br><br>ORDER ADVISING PLAINTIFF OF FED. R. CIV. P. 4(m)<br><br>SEPTEMBER 25, 2025 DEADLINE |

This matter comes before the Court upon review of the file. Plaintiff who is proceeding pro se and *in forma pauperis* on his civil rights complaint filed under 42 U.S.C. § 1983. (Doc. No. 1, Complaint).  The Court determined the Complaint stated a claim for a violation of Plaintiff's Eighth Amendment rights for unconstitutional conditions of confinement against Defendants Garcia, B. Cates, and B. Sanders. (Doc. No. 6).  On June 26, 2025, the Court directed service on the Defendants under the Court's E-Service program with the California Department of Corrections and Rehabilitations ("CDCR"). (*Id.*).   On July 1, 2025, CDCR filed a notice of intent to waive service on behalf of Defendants B. Cates and B. Sanders (Doc. No. 8) and notice to not waive service on behalf of Defendant Garcia. (Doc. No. 9).  CDCR states they are "unable to identify" Defendant Garcia.  (*Id.*).  On July 9, 2025, the United States Marshal ("USM")

returned the summons unexecuted as to Defendant Garcia. (Doc. No. 10). The USM stated they could not locate anyone with the name Garcia after speaking with personnel at California Correctional Institution and with the laundry supervisor. (*Id*.).

Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve a defendant within 90 days of filing the complaint. Fed. R. Civ. P. 4(m). The time may be extended for good cause shown. *Id*. Here, Plaintiff 90-day period commenced on June 26, 2025, when the Court directed service upon the Defendants.

If a defendant is not served within the requisite time period, after notice to plaintiff, the court must dismiss the action without prejudice, or order that service be made within a certain time period. *Id*. (emphasis added). "Pro se litigants must follow the same rules of procedure that govern other litigants." *Thomas v. Scott*, 2015 U.S. Dist. LEXIS 96365, *6-*7 (C.D. Cal. Jun. 4, 2016)(findings and recommendations to dismiss the prisoner plaintiff's case for a failure to effect service adopted by *Thomas v. Scott*, 2015 U.S. Dist. LEXIS 96387, 2015 WL 4507255 (C.D. Cal. Jul. 22, 2015)) (quoting *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)(overruled in part by *Lacy v. Maricopa County*, 693 F.3d 896 (9th Cir. 2021)) (citing *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995)(the failure of a pro-se litigant to follow the procedural rules justified the dismissal of the pro-se litigant's civil rights action). While prisoners may rely on the USM Office to serve a defendant, a district court may dismiss a prisoner's civil rights complaint for a failure to effect service when the prisoner plaintiff fails to provide the U.S. Marshals with sufficient information to serve a defendant. *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994). The rules of civil procedure are "based on the assumption that litigation is normally conducted by lawyers[;]" however, the rules should not be interpreted in a manner that excuses "mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

Accordingly, it is ORDERED:

1. Plaintiff shall provide an updated address or further identifying information for Defendant Garcia.

2. Plaintiff is duly advised that if service cannot be effectuated upon Defendant Garcia within the 90-day Rule 4(m) period, or no later than September 25, 2025, then he will

need to show good cause why the Court should not dismiss Defendant Garcia without prejudice.

Dated: July 22, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3