1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RICKY DILLINGHAM,                        Case No.  1:25-cv-00695-HBK (PC)

12              Plaintiff,                     ORDER GRANTING PLAINTIFF'S MOTION
                                              FOR LIMITED DISCOVERY
13        v.
                                              (Doc. No. 13)
14   GARCIA, B. CATES, AND B.
     SANDERS,                                  ORDER TO CLERK TO
15                                             PROVIDE SUBPOENA DUCES
              Defendants.                      TECUM
16
                                               90-DAY DEADLINE
17

18

19        Plaintiff, a prisoner, is proceeding pro se and *in forma pauperis* on his civil rights

20   complaint filed under 42 U.S.C. § 1983.  (Doc. No. 1, Complaint).  The Court determined the

21   Complaint stated a claim for a violation of Plaintiff's Eighth Amendment rights for

22   unconstitutional conditions of confinement against Defendants Garcia, B. Cates, and B. Sanders.

23   (Doc. No. 6).  The Court advised Plaintiff that service could not be completed on Defendant

24   Garcia because CDCR was "unable to identify" Defendant Garcia, and cautioned Plaintiff of

25   Federal Rule of Civil Procedure 4(m)'s requirement that he must serve a defendant within 90 days

26   of filing the complaint. Fed. R. Civ. P. 4(m).  (Doc. NO. 11).  In response, Plaintiff filed a motion

27   to engage in limited discovery for the purposes of trying to identify Defendant Garcia.  (Doc. No.

28   13).

1  The Court finds that good cause exists to open discovery for the limited purpose of identifying

2  Defendant Garcia. *See Gillespie v. Civiletti*, 629 F.2d 637, 642-43 (9th Cir. 1980) ("the plaintiff

3  should be given an opportunity through discovery to identify the unknown defendants");

4  *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999).  Plaintiff is not to engage in

5  discovery for any other purpose other than to identify Defendant Garcia against whom cognizable

6  claims have been found.

7         Given Plaintiff's pro se status, the Court attaches to this Order a subpoena duces tecum for

8  Plaintiff to complete and return to the Court to the extent he seeks documents from a nonparty,

9  such as the California Department of Corrections.[1]  When completing this subpoena, Plaintiff

10  must  specify exactly which documents he is seeking. The request must be specific enough to

11  determine what Plaintiff seeks, i.e. the identity of the Defendant known as "Garcia."  The request

12  cannot be a broadly stated request that amounts to a fishing expedition. Once returned, the Court

13  will decide if it has been properly prepared and, if so, issue the subpoena to the correct entity to

14  produce the documents.

15         Plaintiff is reminded that he may only engage in discovery for the limited purpose of

16  identifying Defendant Garcia.  The identifying information that Plaintiff provided in his

17  Complaint (the laundry supervisor or the place of Defendant Garcia's employment, location

18  where Defendant Garcia worked at appropriate dates, and times) should be used to narrow

19  Plaintiff's request for documents to any party or nonparty.  Plaintiff also needs to keep in mind

20  what entity/institution would have these records to address the subpoena correctly.  Plaintiff must

21  abide by this guidance and keep his requests narrowly tailored to identifying Defendant Garcia.

22         Accordingly, it is hereby ORDERED:

23         1. Plaintiff's request to engage in limited discovery to identify Defendant Garcia (Doc.

24            No. 13) is GRANTED;

25         2. Plaintiff shall promptly complete and return attached subpoena duces tecum, if

26            appropriate;

27

---

28
[1] The subpoena is necessary only to the extent that a party named in the Complaint would not have access to the same records or documents.

2

1      3. The Clerk's Office shall send Plaintiff a subpoena duces tecum; and

2      4. Plaintiff shall have 90 days from the date of service of this Order to provide the

3        identifying information to the Court for service of process; and

4      5. If Plaintiff fails to provide this information within the 90 day period, this action may

5        be dismissed without prejudice against Defendant Garcia.

Dated:    August 25, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3