UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY DILLINGHAM,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Y. TALPAS, B. CATES, AND B. SANDERS,<br><br>　　　　Defendants. | Case No.  1:25-cv-00695-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SERVICE OF SUBPOENA<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT<br><br>ORDER DIRECTING CLERK TO CORRECT CAPTION OF CASE<br><br>ORDER DIRECTING PLAINTIFF TO RETURN CONSENT / DECLINE OF U.S. MAGISTRATE JUDGE JURISDICTION<br><br>(Doc. Nos.  19, 22) |

　　Pending before the Court is Plaintiff's motion for service of subpoena filed on September 11, 2025. (Doc. No. 19).[1] Plaintiff seeks the issuance of a subpoena upon the custodian of records at CCI Tehachapi State Prison commanding the production of documents identifying the full name, title, and current address of the Facility B laundry room employee at California Correctional Institution (CCI) between October 19, 2024, and January 17, 2025, including duty rosters and personnel records. (*Id*.). In response, Defendants filed an Opposition. (Doc. No. 20). Defendants oppose the issuance of subpoena as unnecessary. (*Id*.). Defendants point out that, on

---

[1] The Court stayed the case for early alternative dispute resolution but permitted Plaintiff to engage in early limited discovery to identify the unidentified employee referred to as Defendant Garcia. (Doc. No. 17).

September 4, 2025, Plaintiff served Defendant Cates with interrogatories requesting the name and address of the CCI Facility B laundry employee during the relevant time.  (*Id*. at 20-1, ¶ 2, Ex. A).  Further, on September 9, 2025, Plaintiff served Defendant Cates with requests for production of documents seeking documents identifying the CCI Facility B laundry employee during the relevant time and containing the employee's full name, title, and address.  (*Id*., Ex. B).  Defendant Cates confirms he intends to timely respond to Plaintiff's discovery requests with information sufficient to identify and serve the laundry room employee a note that on and Plaintiff's motion to amend his initial complaint filed under Federal Rule of Civil Procedure 15(c).  (*Id*.).

As a rule, the court will grant a request for a subpoena when the requested documents sought from the non-party are not obtainable from Defendants through a separate discovery request.  *See Taylor v. Lynch*, No. 2:21-cv-2413 KJN P, 2023 U.S. Dist. LEXIS 11847, at *4-6 (E.D. Cal. July 10, 2023) ("[C]ourts in this district require that a motion requesting issuance of a subpoena duces tecum be supported by . . . a showing that the records are obtainable only through the identified third party."); *Doster v. Beard*, No. 1:15-cv01415-DAD-GSA-PC, 2017 U.S. Dist. LEXIS 57098, at *3 (E.D. Cal. Apr. 13, 2017).  Here, Plaintiff can obtain the discovery from Defendant Cates without involving a third party.  Thus, Plaintiff's motion for a service of subpoena is denied.  Alternatively, Plaintiff's Motion for subpoena is moot.

On October 17, 2025, Plaintiff filed a motion for leave to amend his complaint to reflect the correct name for the misidentified Defendant, along with a first amended complaint.  (Doc. Nos. 22, 23).  Plaintiff states since filing his initial complaint he has determined that the correct name for Defendant Garcia is "Y. Talpas."  (Doc. No. 22).  Plaintiff accompanied his Motion with a First Amended Complaint as required by Rule 15(c) and Local Rule 220.  Fed. R. Civ. P. 15(c); *see also* Local Rule 220 (E.D. Ca. 2025); (Doc No. 23, "FAC").  A review of the FAC shows Plaintiff identifies Defendant Y. Talpas with sufficient facts regarding her involvement in the alleged unconstitutional conditions of confinement claim.

Federal Rule of Civil Procedure 15(c) permits a party to amend a pleading to change the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party

to be brought in by amendment:

> received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> knew or should have known that the action would have been brought against it, but for mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c).

Based on the foregoing, Plaintiff's motion to amend the initial complaint will be granted and the FAC will be the operative complaint in this action. The Court will substitute Y. Talpas for Defendant Garcia in the caption and direct service upon Y. Talpas by separate order.

The further Court notes that as of the date of this Order, Plaintiff has not returned the Consent/Decline of U.S. Magistrate Judge Jurisdiction form as previously directed on September 3, 2025. (*See* Doc. No. 16). Plaintiff must return the consent/decline form so this matter may proceed on the appropriate court's docket.

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion for Service of Subpoenas (Doc. No. 19) is **DENIED;**
2. Plaintiff's Motion (Doc. No. 22) to Amend Complaint to substitute Defendant Y. Talpas for Defendant Garcia is **GRANTED;**
3. The First Amended Complaint (Doc. No. 23) is accepted for filing and shall deemed the operative complaint;
4. The Clerk shall correct the caption to replace Defendant "Garcia" with "Y. Talpas";
5. Plaintiff shall return the Consent/Decline U.S. Magistrate Judge Jurisdiction Form no later than **November 7, 2025**; and
6. The Clerk is directed to resend Plaintiff the Consent/Decline to U.S. Magistrate Form with this Order.

Dated:   October 22, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3